UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA MEJIA DONNELL,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | No. 2:21-cv-01974-KJM-CKD PS<br><br><br><br>ORDER |

On October 25, 2021, plaintiff filed this employment discrimination action and paid the filing fee.[1] (ECF No. 1.) That same day, the summons was issued along with an order setting the case for a status conference on March 16, 2022. (ECF Nos. 2, 3.) A review of the docket suggests that neither of the two defendants named in plaintiff's complaint have been served yet. Plaintiff was ordered to complete service of process on all defendants within 90 days of the court's order. (ECF No. 3 at 2.) See Fed. R. Civ. P. 4(m). Plaintiff was further ordered to file a certificate reflecting that service had been accomplished. (ECF No. 3 at 2.) Those deadlines have passed, and plaintiff has not filed any proof of service with the court.

////

---

[1] Because plaintiff is self-represented, all pretrial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

Pursuant to Federal Rule of Civil Procedure 4

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The court would be within its discretion to dismiss the complaint outright, as plaintiff has not shown good cause. However, considering plaintiff's self-represented status, and given the court's preference to resolve actions on their merits where possible, the court will grant plaintiff an **additional 30 days** to serve the defendants named in the complaint.

Plaintiff is advised to consult Rule 4 of the Federal Rules of Civil Procedure—particularly Rule 4(e), outlining the service of individuals and Rule 4(j), regarding service of state and local entities. While plaintiff is not required to hire a professional process server, plaintiff may want to consider that option. Regardless of whether plaintiff hires a process server, plaintiff must follow Federal Rule of Civil Procedure 4 to properly effectuate service. Additionally, plaintiff is cautioned that failure to serve any defendant, or file the required certificates of service, will make plaintiff's complaint subject to dismissal as to those defendants.

## **ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The court extends the deadline for service in this case, pursuant to Fed. R. Civ. P. 4(m);
2. **Within 30 days** of the date of entry of this order, plaintiff shall serve each of the named defendants in this action with the following documents <u>and shall file with the court a certificate reflecting such service on each defendant.</u>
   a. Plaintiff shall serve on each defendant a copy of the complaint, the summons, the court's Order Setting Status Conference (ECF No. 3), the court's Consent/Decline form, and this order.

////

////

////

3. Alternatively, if plaintiff no longer wishes to proceed with this case, plaintiff may file a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) within 30 days of this order;

4. The Clerk of Court is directed to send plaintiff another copy of the summons, the Order Setting Status Conference (ECF No. 3), and the Consent/Decline form; and

5. The scheduling conference currently set for March 16, 2022, is VACATED, to be rescheduled if necessary.

Dated: January 27, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.donn.1974.