1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TRISHA MEJIA DONNELL,                    No.  2:21-cv-01974-KJM-CKD PS

12                        Plaintiff,

13           v.                                FINDINGS AND RECOMMENDATIONS TO
                                               DISMISS FOR FAILURE TO SERVE
14    CALIFORNIA HIGHWAY PATROL, et
      al.,
15
                        Defendants.
16

17

18           On October 25, 2021, plaintiff filed this employment discrimination action and paid the

19    filing fee.[1]  (ECF No. 1.)  That same day, the clerk served plaintiff at the front counter with the

20    summons and case-initiating documents.  (ECF Nos. 2, 3.)  Plaintiff was ordered to complete

21    service of process on all defendants within 90 days, and to file a certificate reflecting that service

22    had been accomplished.  (ECF No. 3 at 2.)  See Fed. R. Civ. P. 4(m).

23           Neither of the two named defendants have entered an appearance in the case, and there is

24    no indication that plaintiff has served them.  On January 27, 2022, noting the apparent lack of

25    service, the court on its own motion extended the service deadline for an additional 30 days.

26    (ECF No. 4.)  The court ordered plaintiff to file proof of service on each defendant within that

27

28    _____

      [1]      Because plaintiff is self-represented, all pretrial proceedings are referred to the
      undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

                                                   1

extended deadline, or to file a notice of voluntary dismissal.  (Id. at 2-3.)  The service extension order (and copies of the originally issued orders and summons) were served on plaintiff by mail. The extended service deadline expired on February 28, 2022, and plaintiff has not filed a proof of service—or any other document—with the court.

As explained in the court's prior order, service of the summons and complaint must occur within 90 days of filing the complaint, unless otherwise ordered.  Fed. R. Civ. P. 4(c)(1) & (m). If a defendant is not served by the deadline, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).

Well over 90 days have passed since the complaint was filed, and the court has already granted an extension of time for service.  Because plaintiff has not shown good cause for failing to serve any defendant—indeed has not responded at all to the court's orders regarding service— dismissal is warranted for all defendants pursuant to Rule 4(m).

If plaintiff files timely objections to these findings and recommendations and indicates that she is ready to litigate this case at present, the undersigned will withdraw these findings and recommendations.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

////

////

////

2

may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 10, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.donn.1974.

3